IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARILYN FORD-EVANS, | } | |
| | } | |
| *Plaintiff*, | } | Civil Case No.  4:04-cv-3344 |
| v. | } | |
| | } | |
| | } | |
| UNITED SPACE ALLIANCE, LLC, | } | |
| | } | |
| *Defendant*. | } | |

## MEMORANDUM OPINION

The Court held trial proceedings in this case on November 5, 2007 and November 6, 2007.  At the close of Plaintiff Marilyn Ford-Evans' ("Ford-Evans") case, Defendant United Space Alliance, LLC ("USA") moved for a directed verdict under Federal Rule of Civil Procedure 50(a).  In support of its motion, USA submitted a Bench Brief in Support of Defendant's Rule 50 Motion as to Plaintiff's Continued Entitlement to FMLA Leave (Doc. 91), as well as a Bench Brief in Support of Defendant's Rule 50 Motion as to the Lack of Any Damages or Prejudice to the Plaintiff (Doc. 92). The Court heard oral arguments and, after careful consideration, granted Defendant's motion.  The following shall serve as the Court's Memorandum Opinion.

I.          Procedural Background and Relevant Facts

Ford-Evans initiated this suit against her former employer, USA, and her former supervisor at USA, Daniel Smith ("Smith"),[1] in August 2004 (Doc.1).  In February 2005, Ford-Evans filed an amended complaint, which made claims under the Americans with Disabilities

---

[1] Daniel Smith is no longer a defendant in this case.  This Court's Memorandum Opinion and Order  (Doc. 33) and Final Judgment (Doc. 34), both dated January 13, 2006, terminated the case against him.

Act ("ADA") and the Family Medical Leave Act ("FMLA"), in addition to a claim for slander under state law (Doc. 17). Both USA and Smith made motions for summary judgment (Doc. 30 and Doc. 31), which the Court granted (Doc. 33). The Court entered final judgment in favor of USA and Smith (Doc. 34), and Ford-Evans subsequently filed a motion to alter or amend judgment (Doc. 35). In this motion, Ford-Evans argued the Court improperly granted summary judgment on her FMLA interference claim, as USA did not move for summary judgment on that claim. The Court denied this motion because Plaintiff's amended complaint failed to adequately allege FMLA interference (Doc. 40). Ford-Evans then appealed the Court's grant of summary judgment as to her FMLA interference claim (Doc. 41). The Fifth Circuit Court of Appeals vacated summary judgment to the extent it dismissed Plaintiff's FMLA interference claim and remanded the case for further proceedings on that issue (Doc. 51). USA then filed a revised renewed summary judgment motion on Ford-Evans' FMLA interference claim (Doc. 54), which the Court denied (Doc. 64). As a result, the case proceeded to trial.

From July 4, 1998 until her termination on August 28, 2003, Ford-Evans worked in USA's Cushion Lab, a workroom in the astronaut flight crew equipment processing complex. Cushion Lab technicians, like Ford-Evans, make mission-specific foam inserts, known as cushions, that are used to protect tools, hardware, experiments and other fragile objects from being destroyed by the vibrations associated with launch, re-entry and landing during space flight. In 2003, Ford-Evans started complaining that the chemicals used in the Cushion Lab were causing or aggravating a voice/throat condition.

On July 1, 2003, Ford-Evans began a paid medical short-term leave of absence. CIGNA, the administrator of USA's benefit plan, assigned Angela Wallace ("Wallace") to coordinate Ford-Evans' benefits. Wallace determined that Ford-Evans' claim for benefits had expired on August 19, 2003. She advised USA of this fact on August 20, 2003. As a result, Peter Sellers ("Sellers"), an Employee Relations Representative with USA, sent a letter to Ford-Evans on August 21, 2003. This letter advised her that, in order to avoid termination, she had three business days from the date she received his letter in which to (1) report for return-to-work processing at the USA Health Services Office, (2) provide a request to return to work with a reasonable accommodation, or (3) provide satisfactory evidence to the USA Health Services Office that she was still unable to return to work.

Receiving this letter on Friday, August 22, 2003, Ford-Evans reported to the USA Health Services Office on Monday, August 25, 2003 for return-to-work processing. She met with Laniel Vawter ("Vawter"), Director of USA Health Services. Vawter informed Ford-Evans that she could not return to work without a release from her treating physician. Ford-Evans explained that on July 31, 2003, Dr. Horatio Guzman ("Dr. Guzman") had referred her to C. Richard Stasney, M.D. ("Dr. Stasney") at the Texas Voice Center for continuing treatment of her voice/throat condition and that she had seen Dr. Stasney on Friday, August 22, 2003, prior to receiving Sellers' letter. Vawter notified Ford-Evans that she needed a note from Dr. Stasney, her current treating physician.

On August 28, 2003, USA terminated Ford-Evans for failing to comply with the terms of Sellers' letter. Only after USA terminated Ford-Evans did her current treating physician, Dr. Stasney, fax a letter to Vawter. In the letter, Dr. Stasney explained that Dr. Guzman referred Ford-Evans for evaluation and treatment. Dr. Stasney then listed his

recommendations for Ford-Evans, including complete voice rest for two weeks, followed by limited voice use, close supervision of a speech therapist and no exposure to chemicals. Additionally, Dr. Stasney said a follow up visit was set for October 10, 2003. In a letter to Sellers dated August 29, 2003, Dr. Stasney reiterated the above recommendations and said that, as long as they were met, Ford-Evans could return to work at USA.

II.         Legal Standard on Judgment as a Matter of Law

Judgment as a matter of law is appropriate "[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). In other words, a motion for directed verdict should be granted "when there is not a sufficient conflict in substantial evidence to create a jury question." *Travis v. Bd. of Regents of the Univ. of Tex. Sys.*, 122 F.3d 259, 263 (5th Cir. 1997) (citing *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 804 (5th Cir. 1997)). A sufficient conflict exists when there is evidence "of such quality and weight that reasonable and fair minded men in the exercise of impartial judgment might reach different conclusions." *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969).

III.        Analysis

To prevail on an FMLA interference claim, Ford-Evans has the burden of proving by a preponderance of the evidence "that (1) she is an eligible employee under the FMLA, (2) the defendant is an employer subject to the requirements of the FMLA, (3) she was entitled to FMLA leave, (4) she gave notice to the defendant of her intention to take FMLA leave, and (5) the defendant denied her benefits to which, under the FMLA, she was entitled." *See Schimek v. MCI, Inc.*, 2006 WL 2252034, at *11-12 (N.D. Tex. Aug. 7, 2006) (citing *Morgan v. Neiman Marcus*, 2005 WL 3500314 at *4 (N.D. Tex. Dec. 20, 2005)).

FMLA entitles qualifying employees to twelve weeks of unpaid leave during any twelve month period "because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C.S. § 2612(a)(1)(D); *Sosa v. Coastal Corp.*, 2002 WL 31933068, at *2 (5th Cir. 2002).

The Fifth Circuit has found that when an employee is no longer suffering from a serious health condition which necessitates her absence from work, such an employee can lose her eligibility for FMLA protection. *Murray v. Red Kap Indus., Inc.*, 124 F.3d 695, 698 (5th Cir. 1997). In *Murray*, the plaintiff employee had a respiratory infection, which caused her to be absent from work so that she could obtain medical care. *Id* at 696. After one week, the employee was released to return to work. *Id*. However, she failed to return to work for an additional week. *Id*. Because she missed three consecutive days of work without notifying her supervisor during this additional week, the employee was terminated. *Id*. As a result, the employee sued her employer claiming that her termination violated the FMLA. *Id* at 697. The trial court granted the employer's motion under Federal Rule of Civil Procedure 50 because the employee failed to produce evidence that during the first three days of the second week of her absence from work, she suffered from a serious health condition. *Id*. The Fifth Circuit affirmed this decision. *Id* at 699.

Additionally, in *Price v. Marathon*, 119 F.3d 330 (5th Cir. 1997), Plaintiff alleged she was entitled to FMLA leave, as she suffered from carpal tunnel syndrome. The Court acknowledged that while carpal tunnel syndrome, if sufficiently severe, can be a serious health condition, the employee's manifestation of this condition did not rise to such a level so as to allow her to qualify for FMLA protection. The Court found that Plaintiff's "mild to moderate

impairment" did not prevent her from going to work and that she was still able to perform all of her job functions. *Id* at 335.

The evidence presented at trial conclusively showed that Ford-Evans did not have a continued entitlement to FMLA leave after August 19, 2003. Ford-Evans' admitted to the Court that she wanted to return to work. Indeed, she claimed that her desire to return to work is why she reported to the USA Health Services Office on August 25, 2003. Because Ford-Evans was able and willing to return to work, she was no longer suffering from a serious health condition that prevented her from performing the functions of her position, and her entitlement to FMLA leave ended. As such, USA did not interfere with Ford-Evans' rights under FMLA, and any harm or prejudice suffered by Ford-Evans was not the result of USA's actions.

IV.     Conclusion

For the aforementioned reasons, the Court hereby ORDERS that Defendant United Space Alliance, LLC's motion under Federal Rule of Civil Procedure 50(a) as to the claim of Plaintiff Marilyn Ford Evans that Defendant United Space Alliance, LLC interfered with her rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq*. is GRANTED.

SIGNED at Houston, Texas, this 13th day of December, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE